1  AARON M. CLEFTON, Esq.  (SBN 318680)
   CLEFTON DISABILITY LAW
2  2601 Blanding Ave, Suite C
   #336
3  Alameda, CA 94501
   Telephone:  510/832-5001
4  info@cleftonlaw.com

5  IRAKLI KARBELASHVILI, Esq. (SBN 302971)
   ALLACCESS LAW GROUP
6  1400 Coleman Ave Ste F28
   Santa Clara, CA 95050
7  Telephone: (408) 295-0137
   Fax: (408) 295-0142
8  irakli@allaccesslawgroup.com

9  Attorneys for Plaintiff
   JADE SPIERS
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14  JADE SPIERS,                      CASE NO. 2:25-cv-06642
                                      Civil Rights
15        Plaintiff,
                                      COMPLAINT FOR PRELIMINARY
16        v.                          AND PERMANENT INJUNCTIVE
                                      RELIEF AND DAMAGES:
17  ESSENTIAL MANAGEMENT,
    INC.; 945 EAST JONES, LLC,        1) **Violation of the Federal Fair Housing
18                                       Act (42 U.S.C. § 3601 *et seq.*)**
19        Defendants.
                                      2)  **Violation of the California Fair
20                                       Employment and Housing Act (Gov't
                                         Code § 12926 *et seq.*)**
21
                                      3) **Violation of the California Disabled
22                                       Persons Act (Civil Code § 54 *et seq.*)**

23                                    4) **Violation of the California Unruh Act
                                         (Civil Code § 51(b))**
24

25                                    **DEMAND FOR JURY TRIAL**

26

27      Plaintiff JADE SPIERS complains of Defendants ESSENTIAL

28  MANAGEMENT, INC.; 945 EAST JONES, LLC, and alleges as follows:

                             1
       COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1.    **INTRODUCTION:**  Plaintiff JADE SPIERS bring this action against ESSENTIAL MANAGEMENT, INC. and 945 EAST JONES, LLC, the owners and operators of the apartment building located at 6626 Franklin Ave, Los Angeles, California, ("Chateau des Fleurs") alleging discrimination on the basis of disability in violation of the Federal Fair Housing Act, 42 U.S.C. § 3601, et seq., and related state laws.

2.    Defendants repeatedly denied and continue to deny disabled Plaintiff access to an assigned parking space in the closest parking lot to Chateau de Fleurs. Defendants continuously insisted that assigned parking spaces were not available in the parking lot, and none could be assigned to Plaintiff to accommodate her disability. However, during this time, Plaintiff saw several people moving in and out of apartments who had assigned parking spaces. Therefore, those spaces were vacant and available prior to new tenants moving into the building. When Plaintiff brought this up with Defendants, they claimed that the parking spaces "ran with the unit" and could not be reassigned to her. As a result of Defendants' denial of Plaintiff's request for accommodation, Plaintiff has had to park her vehicle far away from the building and walk long distances to get to and from her vehicle. This has caused her severe pain, worsening of her condition, and exhaustion.

3.    Defendants' refusal to engage in discussion around Plaintiff's requested accommodation has caused her significant stress, difficulty, and discomfort. Due to Defendants' unwillingness to provide Plaintiff with an assigned accessible parking space at the Chateau des Fleurs Plaintiff has had to park far from the building which caused her pain, exhaustion, and worsening of her physical condition. Further, due to Defendants' refusal to allow Plaintiff to rent an accessible parking space, Plaintiff has been forced to forego leaving her apartment or ask family and friends to give her rides so that she did not have to walk long distances to retrieve her vehicle.

4.    Plaintiff seeks an injunction compelling Defendants to grant her

reasonable accommodation requests so that she can fully use and enjoy her dwelling in a manner that is substantially equal to that of other tenants at the Chateau des Fleurs and to change their policies to provide reasonable accommodations to disabled tenants; damages for the injuries Plaintiff has suffered and will continue to suffer until Defendants changes their discriminatory behavior; and attorney's fees, litigation expenses, and costs as provided by statute.

5.    **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. section 1331 for violations of the Fair Housing Act, 42 U.S.C. sections 3601 *et seq*.  This Court has jurisdiction over the pendent state-law claims brought under California law pursuant to 28 U.S.C. section 1367.

6.    **VENUE:**  Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and is founded on the fact that the real property which is the subject of this action is in this district and that Plaintiff's causes of action arose in this district.

7.    **INTRADISTRICT:**  This case should be assigned to the Western Division as the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of action arose in this division.

8.    **PARTIES:**  Plaintiff JADE SPIERS is a "person with a disability" or "physically handicapped person." Plaintiff broke her left foot while hiking at Silver Lake Reservoir on December 1, 2023.  Initially, Plaintiff did not realize that her foot was broken, so she walked back to her vehicle.  The following day, Plaintiff went to urgent care where she was told that she had a sprain.  However, her condition deteriorated rather than improving over the next few weeks and months. Ultimately, it was discovered that Plaintiff had fractured her foot, and she underwent bone stimulation to assist in healing the fracture.  Unfortunately, the fracture in Plaintiff's foot never healed properly.  She now suffers from a non-union fracture in her left foot with chronic pain which permanently and significantly limits her major life activities of walking and standing.

9.    Plaintiff wears a medical boot on her left foot. However, she is unable to wear it all of the time because it causes her back and hip pain due to scoliosis (a condition she was diagnosed with as a child).  Plaintiff also uses a knee scooter to keep weight off of her left leg as much as possible, but due to the way Chateau des Fleurs is constructed and maintained, it is difficult for her to use the scooter in and around her home.  She usually stores the knee scooter at her parents' home and retrieves it when she knows she will need to use out in public.  Plaintiff is entitled by permit from the State of California to park any vehicle which she drives or is transported in, in a designated and properly configured disabled accessible parking space.  Plaintiff is and at all relevant times was a "handicapped person" as defined by 42 U.S.C. section 3602, and a "person with a disability" as defined in 29 U.S.C. section 705(9)(B), California Government Code section 12926, the Unruh Civil Rights Act, California Civil Code section 51, the Disabled Persons Act, California Civil Code section 54.1, and Civil Code section 3345.

10.    Defendant 945 EAST JONES, LLC, is the legal owner of the 49-unit apartment building known as Chateau des Fleurs located at 6626 Franklin Ave, Los Angeles, California.  Chateau des Fleurs is a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b), a housing accommodation under FEHA, Government Code § 12927(d), and the Disabled Persons Act, Civil Code § 54.1(b)(2), and a business establishment under the Unruh Act, Civil Code § 51.

11.    ESSENTIAL MANAGEMENT, INC. manages and operates the Forma Building.

12.    **FACTUAL STATEMENT:** Plaintiff moved into Chateau de Fleurs in March of 2022, before she became disabled. At the time she signed her lease, Plaintiff inquired about parking at the building.  She was informed that parking associated with Chateau de Fleurs was in a gated parking lot across the street from the building where tenants could pay a monthly fee for an assigned parking space.  Defendants told Plaintiff that all those parking spaces were already assigned to

current tenants.  However, they informed her that she could get on the waitlist for an assigned space in that lot and that tenants were assigned parking spaces off the waitlist in order based on how long they had lived in the building.

13.    Plaintiff requested that Defendants place her on the waitlist for an assigned parking space when she signed her lease.  In the meantime, Plaintiff parked her vehicle on the streets of the neighborhood.  At times she had to park several blocks away, but this was not problematic for her until she broke her foot in December of 2023.

14.    On February 1, 2024, Plaintiff emailed Mila, the onsite manager for Defendants at the time, to inform Defendants of her injured foot.  Additionally, Plaintiff inquired about the potential of being assigned a parking space in the lot across the street due to her injury. She wrote in part,

> I sustained an injury on 12/1/23 and have been on crutches and a boot, and am struggling to get around. Unfortunately[,] I have seen little improvement in my condition and am still needing to limit walking. I have been struggling to take care of myself and use my car without a guaranteed parking spot nearby. I know when I last inquired about the parking you mentioned it was a long waitlist but I figured I would reach out as it is a desperate situation. Another tenant mentioned that new tenants have been offered parking and some tenants have ownership of 2 spots. Please let me know if there's anything that can be done.

15.    Defendants responded that they would look at the waitlist to see if they could move her up but there was not any currently availability.

16.    On February 2, 2024, Defendants contacted Plaintiff and told her that there was a tenant who was willing to share his parking space with her for a month while she was injured.  However, Defendants refused to provide her with details of how they would share the space or the contact information for the person she would be sharing the space with. Additionally, she was told that she would have to pay

5

full price for the "shared" spaces.  Plaintiff requested more information regarding how this space would be shared, and she also wanted to know who she would be sharing the space with before she agreed. Plaintiff was worried that she would be blocked in when she needed to use her car or she would blocking the other tenant in when that stranger needed to use his car. Defendants declined to provide further information to Plaintiff.

17.    On March 15, 2024, Plaintiff renewed her request to be assigned a parking space in the on-site parking at Chateau de Fleurs and provided Defendants with evidence of her disability as they requested. Plaintiff wrote in part,

> As I have already mention[ed], I have been injured since December 1st 2023, with no signs of improvement. The lack of guaranteed long term parking is affecting all aspects of my physical and mental health. It's created further unnecessary stresses in accessing & enjoying my home and has required me to depend on family and friends on a daily basis since I do not have a nearby permanent parking space. As I explained, the options presented to me, to temporarily share a tandem parking space with a ma[l]e resident I do not know, is not a sufficient solution. The other option mentioned twice that I am welcome to leave/move out is not an option when I am in no condition to facilitate a move & the suggestion undermines the magnitude of my condition. Please not[e] the ongoing urgency of my request is due to the fact that my foot is not healing properly. I have been ordered not to spend too much time on my feet, so sharing a tandem space could potentially create a situation where I may need to move my car multiple times a day, as well as need to disclose my daily schedule with a stranger, and your offer was for the month, none of which reasonable accommodates my disability. I suffered serious injury complications this week, I may need surgery or it could be many months before I heal, therefore, I'm submitting a

formal request for a guaranteed permanent parking space per my rights as a person living with mobility impairment under the Fair Housing Ace [sic] Section 504. Please let me know as soon as possible if you have any other questions for me, if not I thank you for your anticipated assistance, understanding and cooperation in this matter.

18.     On March 19, 2024, Defendants responded by requesting further documentation from Plaintiff's doctor and documentation from the State "declaring physical disability."

19.     Plaintiff provided Defendants with a copy of her disability paperwork from the State of California and her paperwork from the DMV issuing her a disabled parking placard which entitled her to park in an accessible parking space.

20.     Defendants' representative responded to Plaintiff, "I am being told that the unit was rented without parking and before the disability. I'm trying to figure that out. Unfortunately, I don't have any spaces. Even for the current vacancies."

21.     However, Plaintiff knew that Defendants were advertising vacant apartments on Zillow. At least one of the advertised units included the option to pay for a parking space in the lot across the street. Testing Defendants' assertion, Plaintiff's sister started the application process during April of 2024 for one of the vacant apartments at Chateau de Fleurs. Plaintiff's sister was offered a parking space in the lot across the street from the building with the unit she was looking at. Thus, it is evident that Defendants were denying the disabled Plaintiff's requests for accommodations while still offering permanent nearby parking spaces to new residents of Chateau de Fleurs.

22.     In April of 2024, Plaintiff had two phone calls with Defendants' representative and building manager, Mila, to discuss her request for accommodation for assignment to an available parking space in the lot across from Chateau de Fleurs.  During those phone calls, Mila told Plaintiff that "it's not [Defendants'] problem [Plaintiff is] disabled" and that "if [Plaintiff] did not like the

7

1    situation she should move out."

2        23.    Following those phones calls in April, Plaintiff filed a Complaint of

3    Discrimination Under the Provisions of the California Fair Employment and

4    Housing Act with the California Civil Rights Department (CCRD).  At that point,

5    all further communications with Defendants regarding Plaintiff's request for

6    accommodation for a permanent assigned parking space went through the CCRD.

7        24.    Plaintiff officially filed her signed Complaint with CCRD on June 26,

8    2024. Through the CCRD complaint and mediation process, Plaintiff continued to

9    request the accommodation of being assigned the next available parking space in

10   the lot across the street from Chateau de Fleurs.  She also provided medical records,

11   letters from her doctors, and other documentation proving her disability.  However,

12   Defendants continued to refuse to accommodate Plaintiff by assigning her a

13   permanent parking space in the lot across the street from the Chateau de Fleurs.

14       25.    In response to Plaintiff's CCRD Complaint, Defendants denied

15   Plaintiff's allegations and defended their parking policy:

16           Parking spaces run with the specific units; If a unit with a parking space

17           becomes available, when the unit is leased and the new resident does

18           not have a car or otherwise does not wish to have parking, then

19           Respondents offer that space to those on the waiting list. Respondents

20           maintain a waitlist for available spaces.

21   Defendants' admitted policy of allowing parking spaces to "run with specific units"

22   rather than offering them to disabled Plaintiff (or other disabled residents) who

23   have submitted a request for accommodation for an assigned parking space is

24   discriminatory. These are not condominiums where a parking space is deeded to a

25   specific unit. Rather, "running with the unit" is a matter of Defendants' decisions,

26   discretion and implemented policy that could be changed if they so choose.  It

27   shows that Defendants are not willing to make reasonable accommodations in

28   policies, programs, and procedures when such is necessary to afford disabled

tenants an equal opportunity to use and enjoy the dwelling

26.   In November of 2024, nine months after her request for an assigned space, Defendants offered Plaintiff an available parking space in the lot across the street from Chateau de Fleurs. This demonstrates it was always reasonable for them to grant the accommodation in practice, but they simply did not want to do so because it interfered with their ability to rent new units with a parking option. However, the offer for an assigned parking space was contingent upon Plaintiff agreeing to waive all rights to file a lawsuit and all potential monetary damage caused by Defendants' significant delay in offering an available parking space, so Plaintiff declined the offer.

27.   In addition to her request for a parking space, Plaintiff has also made other requests for accommodation from Defendants due to her disability. Since becoming disabled, Plaintiff has had significant difficulty accessing the laundry room at Chateau de Fleurs. She requested that she be allowed to install a washer/dryer in her unit to accommodate her difficulty in getting to the laundry room due to her disability.  However, Defendants refused her request, and they refused to engage in any further discussions with Plaintiff regarding her request.

28.   Plaintiff also made a request for accommodation around several elevator outages that have occurred in at Chateau de Fleurs since she became disabled. She has repeatedly requested that Defendants maintain their elevator in working order and that they fix the elevator quickly when it stops working.

29.   Plaintiff's unit is on the top floor of Chateau de Fleurs, and it is physically impossible for her to climb the five flights of stairs to her unit without experiencing excruciating pain.  When the elevator is out of order Plaintiff has to either avoid leaving her home or stay with family and friends until the elevator is fixed.  It is untenable for Plaintiff to climb the stairs multiple times per day.  During the last elevator outage which lasted from April 30, 2025, until May 8, 2025, Plaintiff made daily requests for the elevator to be fixed and for updates about

9

1    repairs with no substantive responses from Defendants.

2    30.    Defendants' parking program and policies for Chateau de Fleurs are

3    discriminatory for disabled residents, including Plaintiff. Their refusal to

4    accommodate Plaintiff and other disabled residents by changing their policy of

5    having parking spaces assigned to specific units in the building to one that allows

6    disabled tenants' requests for accommodation to be assigned parking spaces when

7    they become available deprived Plaintiff of and an equal opportunity to use and

8    enjoy the dwelling. Further, Defendants have refused to engage in any discussions

9    surrounding Plaintiff's requests for other accommodations regarding the

10    inaccessible laundry room and elevator outages. Defendants' refusal to

11    accommodate Plaintiff has caused her significant pain, difficulty, stress, exhaustion,

12    and physical injury and exacerbation of her condition.

13    31.    As a result of Defendants' discriminatory policies, Plaintiff often

14    stores her vehicle at her parents' home and must rely on her parents or friends to

15    transport her places. Plaintiff has become more isolated as a result of Defendants'

16    refusal to provide her with accommodations. She often chooses to stay in when

17    invited out to avoid the pain associated with walking to and from her vehicle when

18    it parked far away or risk moving her car when she has a close parking space.

19    32.    As a result, Plaintiff has been forced to file this lawsuit to enforce her

20    right to fair and equal access under the Federal Fair Housing Act and California

21    law.

22
                    **FIRST CAUSE OF ACTION:**
                    **VIOLATION OF THE FEDERAL FAIR HOUSING ACT**
23                          **(42 U.S.C. § 3601 *et seq.*)**

24    33.    Plaintiff replead and incorporate by reference, as if fully set forth again

25    below, the factual allegations contained in Paragraphs 1 through 32, above, and

26    incorporates them  here by reference as if separately repleaded hereafter.

27    34.    Chateau des Fleurs is a "dwelling" available "to rent" within the

28    meaning of the Fair Housing Act (FHA).  42 U.S.C.A. § 3602.  It is a "covered

multi family dwelling" under section 3604 (f)(7)(A).

35.    Based on the above, Defendants have violated the protections afforded to Plaintiff under the FHA, including, but not limited to, the following:

    a.    Failing and refusing to make reasonable accommodations in policies, programs, and procedures when such is necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling;

    b.    Failing and refusing to provide sufficient accessible parking spaces to service Chateau des Fleurs;

    c.    Failing and refusing to provide an accessible path to and through the building and to common areas of the building, including the laundry room; and

    d.    Failing to maintain the accessible features of their property, such as the elevator, providing ingress and egress to tenants with disabilities.

36.    Defendants had actual knowledge that Plaintiff is a person with a disability.  Plaintiff affirmatively requested several accommodation including that she be assigned a parking space in the parking lot of the building, requesting that the elevator be fixed when it was out of service, and requesting that she be allowed to install a washer and dryer in her unit due to her difficulty accessing the laundry room.  Defendants repeatedly refused or failed to respond to the requests for accommodation.

37.    Defendants maintain a pattern and practice of denying Plaintiff full and equal access to his dwelling by failure to maintain accessible parking areas, and failure to respond appropriately to requests for accommodation.  42 U.S.C.A. § 3604(f)(3).

38.    For these reasons, Plaintiff is entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

1    WHEREFORE, Plaintiff prays for damages and injunctive relief as stated

2    below.

### SECOND CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING
### ACT
### (*Cal. Government Code § 12955 et seq.*)

3

4

5    39.    Plaintiff re-pleads and incorporates by reference, as if fully set forth

6    hereafter, the factual allegations contained in Paragraphs 1 through 38 of this

7    Complaint and incorporates them here as if separately re-pleaded.

8    40.    The Fair Employment and Housing Act (FEHA) prohibits

9    discrimination on the basis of disability in housing.  Gov.C. § 12955 *et seq*.

10    41.    Chateau des Fleurs is a "housing accommodation" within the meaning

11    of FEHA. Cal. Gov't Code § 12927.

12    42.    Based on the above, Defendants have violated the protections of

13    FEHA as follows:

14    a.    Failing and refusing to make reasonable accommodations in

15    policies, programs, and procedures when such is necessary to

16    afford Plaintiff an equal opportunity to use and enjoy the

17    dwelling;

18    b.    Failing and refusing to provide sufficient accessible parking

19    spaces to service Chateau des Fleurs;

20    c.    Failing and refusing to provide an accessible path to and through

21    the building and to common areas of the building, including the

22    laundry room; and

23    d.    Failing to maintain the accessible features of their property, such

24    as the elevator, providing ingress and egress to tenants with

25    disabilities.

26    43.    Based on the above, Plaintiff is entitled to actual damages, punitive

27    and exemplary damages and injunctive relief as set forth below.

28

12

WHEREFORE, Plaintiff prays for damages and injunctive relief as stated below.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
#### (Cal. Civ. Code § 54 *et seq*)

44.    Plaintiff repleads and incorporates by reference, as if fully set forth again below, the allegations contained in Paragraphs 1 through 43 of this Complaint and incorporates them  here as if separately re-pleaded.

45.    The Disabled Persons Act (DPA) requires, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons."  Civ.C. § 54.1(b)(1).

46.    The subject apartment building is a housing accommodation under Civil Code section 54.1(b)(2).  Plaintiff is a person with a disability within the meaning of the DPA.

47.    For these reasons, Defendants have violated the DPA as follows:

a.    Denying Plaintiff full and equal access to her housing accommodations, (Civ.C. § 54.1(b)(1));

b.    Failure and refusal to construct and/or alter the facilities in compliance with State building codes, and/or to maintain them in accessible condition;

c.    Refusing to "make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises."  (Civ.C. § 54.1(b)(3)(B));

d.    Failing to maintain the accessible features of their property, such

1    as the elevator, providing ingress and egress to tenants with

2    disabilities; and

3    e.    Failure and refusal to provide sufficient accessible parking

4    spaces and an accessible parking program at the building.

5    48.    Plaintiff has suffered actual damage as a result of such failures which

6    she alleges stems from Defendants' knowing and intentional violation of her rights

7    as a disabled person under California Law.

8    49.    Based on the above, Plaintiff is entitled to statutory damages, actual

9    damages, punitive and exemplary damages as set forth below.

10    WHEREFORE, Plaintiff requests relief as outlined below.

11
**FOURTH CAUSE OF ACTION:**
**VIOLATION OF UNRUH CIVIL RIGHT ACT**
12    **(Cal. Civ. Code § 51 *et seq.*)**

13    50.    Plaintiff repleads and incorporate by reference, as if fully set forth

14    again below, the allegations contained in Paragraphs 1 through 49 of this Complaint

15    and incorporates them  here as if separately re-pleaded.

16    51.    At all times mentioned, the Unruh Civil Rights Act, California Civil

17    Code 51(b), provided that:

18    All persons within the jurisdiction of this state are free and equal, and
      no matter what their sex, race, color, religion, ancestry, national origin,
19    disability, or medical condition are entitled to the full and equal
      accommodations, advantages, facilities, privileges, or services in all
20    business establishments of every kind whatsoever.

21    52.    The building is a business establishment and Plaintiff is a person with

22    a disability within the meaning of the Unruh Act.

23    53.    Defendants violated the Unruh Act by its acts and omissions,

24    including, but not limited to, the following:

25    a.    Failure and refusal to modify the policies and procedures as

26    necessary to ensure Plaintiff full and equal access to the

27    accommodations, advantages, facilities, privileges, or services; =

28    b.    Failure and refusal to construct and/or alter the building's

14

facilities in compliance with state building code and state

housing requirements;

c.   Failing to maintain the accessible features of their property, such

as the elevator, providing ingress and egress to tenants with

disabilities;

d.   Failure and refusal to provide an accessible route to and through

all areas of the building which are required to be accessible and

adaptable; and

e.   Failure and refusal to provide sufficient accessible parking

spaces and an accessible parking program at the building.

54.   Plaintiff is informed, believes and thereon alleges that Defendants'
behavior, as alleged here, was intentional: Defendants were aware or were made
aware of their duties to refrain from establishing discriminatory policies and
barriers preventing physically disabled persons from accessing its facilities, before
this Complaint was filed.

55.   Defendants' refusal to provide disabled tenants with assigned
accessible parking spaces, an accessible path of travel, accessible public areas, and
common spaces in violation of the laws set forth above, demonstrates a knowing
and conscious disregard for the law in general and an intentional denial of rights of
disabled tenants in particular.  Such conduct justifies an award of treble, punitive
and exemplary damages along with all other relief sought.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set
forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable
injury as a result of the unlawful acts, omissions, policies, and practices of the
Defendants as alleged here, unless Plaintiff is granted the relief he requests.
Plaintiff and Defendants have an actual controversy and opposing legal positions as

1    to Defendants' violations of the laws of the United States and the State of

2    California. The need for relief is critical because the rights at issue are paramount

3    under the laws of the United States and the State of California.

4        WHEREFORE, Plaintiff JADE SPIERS prays for judgment and the

5    following specific relief against Defendants:

6        1.    An order enjoining Defendants, their agents, officials, employees, and

7    all persons acting in concert with them:

8            a.    From continuing the unlawful acts, conditions, and practices

9                described in this Complaint;

10           b.    To provide a policy and procedure consistent with California

11                and federal law to provide reasonable accommodations for

12                persons with disabilities who live at the building or who wish to

13                do so, including assign disabled Plaintiff an accessible parking

14                space in the parking lot of the building;

15           c.    To modify the building's facilities to provide full and equal

16                access to tenants with physical disabilities in accordance with 42

17                U.S.C. § 3604(f)(C)(4) and Chapter 11A of the California

18                Building Code, and to maintain such accessible facilities once

19                they are provided;

20           d.    To adopt a policy of maintaining the elevator in the building to

21                prevent outages and to fix the elevator as quickly as possible if

22                the elevator breaks causing an outages;

23           e.    To train Defendants' employees and agents in how to

24                accommodate the rights and needs of physically disabled

25                persons;

26           f.    To implement nondiscriminatory protocols, policies, and

27                practices for accommodating persons with mobility disabilities;

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

2.      Retain jurisdiction over the Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of here no longer occur, and cannot recur;

3.      Award to Plaintiffs all appropriate damages, including, but not limited to, statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4.      Award to Plaintiffs all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.      Award prejudgment interest under Civil Code section 3291; and

6.      Grant any other relief that this Court may deem just and proper.

Date: July 21, 2025                              CLEFTON DISABILITY LAW
                                                 ALLACCESS LAW GROUP


                                                 ____ /s/ Aaron Clefton
                                                 By AARON CLEFTON, Esq.
                                                 Attorney for Plaintiff
                                                 JADE SPIERS


## JURY DEMAND

Plaintiffs demands a trial by jury for all claims for which a jury is permitted.

Date: July 21, 2025                              CLEFTON DISABILITY LAW
                                                 ALLACCESS LAW GROUP

                                                 ____ /s/ Aaron Clefton
                                                 By AARON CLEFTON, Esq.
                                                 Attorney for Plaintiff
                                                 JADE SPIERS